DAVID D. OSBORNE, Private, U. S.
Marine Corps, Petitioner

v

GEORGE S. BOWMAN, General, U. S. Marine Corps,
Convening Authority, Commanding General, U. S.
Marine Corps Base, Camp Pendleton,
California, Respondent

20 USCMA 385, 43 CMR 225

*Barry S. Willdorf, Esquire,* counsel for Petitioner.

## Memorandum Opinion of the Court

On consideration of the "Petition for a Writ of Prohibition or for Other Extraordinary Relief," filed in the above-entitled action, the following facts appear:

Petitioner is awaiting trial by general court-martial at Camp Pendleton, California, upon a charge of desertion allegedly arising out of an unauthorized absence which commenced January 2, 1970, and was terminated by apprehension on October 30, 1970.

He predicates his petition upon two principal contentions:

1. The officer who conducted the Article 32 investigation was unqualified to conduct such investigation under the standards fixed by paragraph 34*a*, Manual for Courts-Martial, United States, 1969 (Revised edition), which provides, inter alia:

"The officer appointed to make such an investigation should be a mature officer, preferably an officer of the grade of major or lieutenant commander or higher, or one with legal training and experience."

2. The investigating officer improperly considered evidence submitted by Government counsel and erred to the prejudice of petitioner by denying a defense motion to dismiss the charge on the basis of insufficiency of the evidence.

Concerning his contentions relative to the evidence considered by the investigating officer, petitioner avers that testimony and documentary evidence received by that officer indicates that during the course of the unauthorized absence alleged, the accused was in Canada and participated in various demonstrations there. When he decided to return to the United States, he borrowed a driver's license issued by the authorities in British Columbia to one Peter L. Maly, and displayed this license as identification when crossing the border. Since Maly was listed as a possible deserter, petitioner was apprehended and held for the military authorities under that name. Turned over to Special Agent Mikalson of the Naval Investigating Service, he was interrogated. The agent recognized petitioner as David D. Osborne upon the basis of photographs taken of Osborne in the course of a demonstration. Thereafter he was further identified through fingerprints, and a charge of desertion was preferred.

Also received by the investigating officer was the report of Special Agent Combs describing the results of his interview with the petitioner's mother who described petitioner's general background and the contents of a letter she had received from him from Vancouver, British Columbia. In this letter he declared he was "resigning from the US Marine Corps" and planned to live and work in Canada.

Petitioner declares that his possession of Maly's driver's license, which was in fact altered to reflect the date of petitioner's birth rather than that of Maly, cannot be considered as evidence of the accused's intent to desert; nor is consideration of his "political activities" while in Canada material on that issue. He further argues that unsworn statements cannot properly be considered at such a proceeding. See United States v Samuels, 10 USCMA 206, 27 CMR 280 (1959).

We need not discuss the validity of petitioner's argument, nor is there any occasion for deciding the merits thereof. Controlling the disposition of this petition are the provisions of the All Writs Act, 28 USC § 1651(a). That enactment permits intervention by this Court prior to completion of trial and before the normal appellate procedures are completed only if such action is necessary or appropriate in aid of this Court's jurisdiction. Questions relative to the propriety of any aspect of the Article 32 investigation (see Article 32, Uniform Code of Military Justice, 10 USC § 832), including the qualifications of the investigating officer, are more appropriately submitted to the military judge of the court-martial to which the charges are referred for trial. See Article 39(a), Uniform Code, supra, 10 USC § 839(a). Issues of admissibility of any evidence are the exclusive province of the trial judge. Article 51(b), Uniform Code, supra, 10 USC § 851(b). His action upon all motions and objections is predicated on the state of the record before him, and is preserved for subsequent review in accordance with the applicable provisions of the Uniform Code.

Nothing contained in this petition, nor in any of the exhibits attached thereto, remotely suggests action tending to defeat this Court's possible future jurisdiction, nor to prevent the rendition of any relief shown to be necessary during the course of normal appellate review.

Accordingly, the said petition is dismissed.